# United States Court of Appeals
## For the First Circuit

---

No. 24-1577

DANIEL E. CARPENTER,

Petitioner,

v.

UNITED STATES,

Respondent.

---

Before

Gelpí, Montecalvo and Rikelman,
<u>Circuit Judges</u>.

---

**JUDGMENT**

Entered: July 31, 2024

Petitioner Daniel Carpenter has filed directly in this court a document captioned "Application for Certificate of Appealability and an Order to Vacate Conviction Pursuant [to] 28 U.S.C. § 2106." This comes after Carpenter's convictions for mail and wire fraud were affirmed on appeal to this court, <u>see</u> <u>United States</u> v. <u>Carpenter</u>, 781 F.3d 599 (1st Cir. 2015), and after Carpenter exhausted his options for a first round of habeas review under 28 U.S.C. § 2255, <u>see</u> Appeal 19-1246, judgment entered September 4, 2019 (denying certificate of appealability as to district court's denial of § 2255 relief). With his current filing, Carpenter attempts to pursue a venue challenge that, at the very least, is quite similar to other challenges he has pursued previously, including during the § 2255 proceedings referenced above. For the reasons set out below, we conclude that, at best, Carpenter's filing may be construed as an application for leave to file a second or successive § 2255 motion; construing the filing in that manner, we conclude that no relief is in order.

Carpenter purports to seek a certificate of appealability; however, this is not an appeal from the denial of habeas relief. <u>See generally</u> 28 U.S.C. § 2253 (certificate of appealability statute). As he has done in prior proceedings, Carpenter invokes 28 U.S.C. § 1206, which states that "[t]he Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court *lawfully brought before it for review*" (emphasis added). This court and others have explained that, rather than providing a jurisdictional hook for

entertainment of some class of original proceedings, § 1206 speaks to the broad remedial authority afforded a federal appellate court once a case has been "lawfully brought before it." See Greenlaw v. United States, 554 U.S. 237, 248-49 (2008) (discussing limited reach of § 2106); Sexual Minorities Uganda v. Lively, 899 F.3d 24, 31 (1st Cir. 2018) ("At times, Lively suggests that a different provision, 28 U.S.C. § 2106, operates independently to supply a basis for appellate jurisdiction. This argument misses the mark. Section 2106 empowers courts of appeals to 'affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review' and to 'remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.' The statute thus enumerates the extensive remedial authority available to a court of appeals, not the sort of orders that may be appealed.") (internal citation omitted); United States v. Vondette, 394 Fed. Appx. 833, 834 (2d Cir. 2010) ("21 U.S.C. § 2106, it provides no independent basis for an exercise of this Court's jurisdiction. Rather, as the plain language of the statute indicates, it authorizes this Court to take action only once an order is 'lawfully brought before it for review.'").

At this juncture, it appears that the only jurisdictional hook available to Carpenter would be 28 U.S.C. § 2255(h), which permits this court to authorize the pursuit of a second or successive § 2255 habeas motion if certain quite demanding gatekeeping requirements are satisfied. Carpenter does invoke the second or successive rubric in the current filing. However, the claim he seeks to pursue does not satisfy either of the gatekeeping provisions set out at § 2255(h). Setting to the side the fact that Carpenter seemingly seeks to pursue a venue-based challenge already rejected by the district court and this court, Carpenter's claim is not based on "newly discovered evidence," 28 U.S.C. § 2255(h)(1), nor is it based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2255(h)(2). As to the latter, Carpenter invokes the Supreme Court's decision in Smith v. United States, 143 S. Ct. 1594 (2023). Carpenter fails to identify text from that decision making it "retroactive to cases on collateral review." In any event, the holding of Smith, in relevant part, was that neither the Venue Clause, Art. III, § 2, cl. 3, nor the Vicinage Clause, Amdt. VI, should stand in the way of retrial after a jury trial has been held in a decidedly improper venue. It is difficult to see how this holding might inure to the benefit of Carpenter. At most, Smith suggests that, if Carpenter ever had managed to demonstrate improper venue, he would have been subject to retrial in the proper venue. Because Carpenter has failed to satisfy either of the gatekeeping provisions set out at § 2255(h), we conclude that no relief is in order.

We note that Carpenter also invokes decisions like Panetti v. Quarterman, 551 U.S. 930 (2007), through which the Supreme Court has identified a narrow class of habeas petitions that, while being numerically second, are not subject to second or successive gatekeeping and may proceed as if first habeas petitions because the claim(s) at the heart of the petitions could not have been pursued previously. Carpenter fails to legitimately explain why his current claim could not have been pursued previously, and, as noted above, it appears Carpenter has pursued at least some version of the claim before. In any event, if Carpenter wishes to argue that his claim may be pursued without second or successive authorization, he should do that in the district court. It appears, though, that Carpenter already has done just that and already has pending in this court an appeal from the district court's recent order rejecting, among other things, Carpenter's venue challenge. See Appeal 24-1389.

In accordance with the foregoing, Carpenter's "Application for Certificate of Appealability and an Order to Vacate Conviction Pursuant [to] 28 U.S.C. § 2106," construed as an application for permission to file a second or successive § 2255 motion, is **DENIED**.[1]

By the Court:

Maria R. Hamilton, Clerk

cc:
Daniel E. Carpenter
Donald Campbell Lockhart

---

[1] The portion of this ruling constituting the "denial of an authorization . . . to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." See 28 U.S.C. § 2244(b)(3)(E).